UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Mr. JERZY SAPIEYEVSKI <br> 3901 Cathedral Ave. NW <br> Washington, DC 20016 <br><br> Plaintiff, <br><br> v. <br><br> LIVE NATION WORLDWIDE, Inc. <br> 9348 Civic Center Drive, <br> Beverly Hills, CA 90210 <br><br> Defendant, | Trademark Infringement, <br> Unfair Competition, Dilution <br> under Federal Lanham Act <br><br> Case: 1:18-cv-00830   JURY DEMAND <br> Assigned To : Kelly, Timothy J. <br> Assign. Date : 4/11/2018 <br> Description: Pro Se Gen. Civil   F-DECK <br><br> _____, 2018 |

## COMPLAINT

Plaintiff Mr. JERZY SAPIEYEVSKI, an individual ("Plaintiff") brings this action against Defendant LIVE NATION WORLDWIDE, Inc. ("Defendant"), alleging as follows:

### THE PARTIES

1. Plaintiff is a Washington, D.C. resident since 1977. He is an active musician/pianist/composer, educator, professor of music, producer and performer in live concerts, recordings, educational, artistic entertainment, in mostly non-profit area, primarily through contacts, promotion and interaction with the public via own website - "MusicHappens.com" and owns MUSICHAPPENS trademark ("the Mark").

2. Defendant is a publicly traded Delaware corporation having principal office at 9348 Civic Center Drive, Beverly Hills, CA 90210; has dominant presence in the live music industry and is the largest concert promoter in the world.



RECEIVED
APR 1 1 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

RECEIVED
APR 1 1 2018
Clerk, U.S. District and
Bankruptcy Courts

3. The corporation engages in producing, marketing, and selling live concerts for artists via global concert pipe. It operates through the following segments: Concerts, Sponsorship and Advertising, Ticketing, and Artist Nation. The Concerts segment involves promotion of live music events in owned or operated and in rented third-party venues.

## JURISDICTION AND VENUE

4. Plaintiff asserts claims for trademark infringement, dilution, trademark confusion, unfair competition and profits arising under the law. The Court has subject matter jurisdiction over the federal claims.

5. The Court has jurisdiction over Defendant because Defendant activities in Washington, DC are substantial, continuous and systematic. Defendant has been promoting multiple music events in Washington DC, providing information, website interaction and ticketing for these events through its well-known Ticketmaster service. Defendant's use of Plaintiff's Mark injures Plaintiff in Washington, D.C. and throughout the world.

6. Defendant's domain name **musichappenshere.com** is advertising and offering music events, music listening and nationwide ticketing services to music events. Defendant's continuous offerings include multiple concerts and numerous productions in Washington DC, most notably at the Warner Theatre.

## STATEMENT OF FACTS

7. Although not a trained attorney, Plaintiff believes it can be shown with clarity that Defendant's use of the mark MUSIC HAPPENS HERE and domain musichappenshere.com, is damaging, and will be further damaging Plaintiff's activities and would evade Plaintiff's legal rights.

8. Since the late 1999 Plaintiff has continuously used, and is now using the mark MUSICHAPPENS ("Mark") for various music and music related services. Since 2002 Plaintiff owns an incontestable federal registration number 2643498 for the Mark MUSICHAPPENS in IC 041. US 100 101 107.

**I. Plaintiff and MUSICHAPPENS Mark:**

9. Plaintiff and its MUSICHAPPENS Mark are dedicated to the artistic entertainment and educational use of music; enhancement of human interaction by mitigating cultural, national and racial biases through music.

10. For over 17 years, Plaintiff has used the Mark MUSICHAPPENS for publications, online music and music related resources and educational materials. Plaintiff regularly and continuously provides information through printed materials, online publications, in-person seminars, classes, lectures, concerts and other public forums.

11. Over 17 years Plaintiff has been investing substantial time and resources in creating, promoting and offering music compositions, arrangements, performance and other services under the Mark.

12. Since October 2002, Plaintiff owns a federal registration for MUSICHAPPENS (U.S. Registration No. 2643498 -"Music composition for others; music composition and transcription for others; music production and publishing services; entertainment services, namely, music production; live music performance; multimedia entertainment software production services" - International Class 041.

13. Plaintiff's registration is incontestable under the Lanham Act and conclusive evidence of Plaintiff's superior and exclusive right to use the Mark. The recent

USPTO Office Action dated 09/28/2017 verifies the issue by **refusing** Defendant's attempted registration of mark MUSIC HAPPENS HERE. (in addition, other applicants' attempts to register similar, derivative variations of Plaintiff's mark were refused by separate and independent USPTO Office Actions i.e. LIVE MUSIC HAPPENS and WHERE MUSIC HAPPENS).

14. By adding a descriptive word of location "HERE", Defendant *de facto* usurps Plaintiff's Mark. Allowing the use of Defendant's mark would open a precedence to hundreds of similar marks with a descriptive extension (i.e. Music Happens #2, Music Happens THERE.)

15. Plaintiff's Mark MUSICHAPPENS in various formats has acquired significant goodwill and meaning.

**II. Defendant** and their **MUSIC HAPPENS HERE** Mark:

16. Upon information and belief, in the Spring of 2017, Defendant announced an initiative in partnership with SPOTIFY USA, Inc. and HILTON HOTELS and commenced a multi-million-dollar campaign - MUSIC HAPPENS HERE - a promotional stampede impeding the visibility and the goodwill Plaintiff has been building under the umbrella of Plaintiff's Mark.

17. Shortly after the announcement, on April 20, 2017, LIVE NATION, Inc. applied for the trademark registration, which was refused by the USPTO Office Action dated Sept. 28, 2017 citing REFUSAL UNDER SECTION 2(d) – LIKELIHOOD OF CONFUSION: <u>Similarity of the Marks and Relatedness of the Services</u>. The Office Action provided detailed evidence and legal grounds for the refusal.

USPTO Official Action - **Exhibit A**: attached and incorporated in this Complaint.

18. Having substantial experience in trademark prosecution and sophisticated legal training, Defendant knew or should have known of Plaintiff's Mark ownership and registration

since 2002 on the Principal Register of the federal Trademark Register. Thus, Defendant has knowingly and willfully infringed Plaintiff's Mark. Defendant has adopted and used the infringing mark with constructive notice of the Plaintiff's registration.

19. Defendant's MUSIC HAPPENS HERE mark is confusingly identical to Plaintiff's MUSICHAPPENS Mark.

20. Plaintiff and Defendant offer substantially similar services under the mark in the same field of endeavor. Both parties offer music services on-line, in-person, and as written materials about music. Both parties target music listeners, students and concertgoers.

21. Upon information and belief, Defendant and the partners continue unlawful use of Plaintiff's Mark and, by abusing their sheer size, they overwhelm the Internet, and other public media - creating and likely to further create direct and reverse confusion and collecting substantial revenues while using Plaintiff's Mark.

22. Consumers and others are likely to believe that Defendant's services under the MUSIC HAPPENS HERE are put out, licensed or connected with Plaintiff's Mark and activities, which now appear to be: "HERE".

23. Since 1999 Plaintiff made effort and investment to promote Plaintiff's music and services, serving the public interest of cultural understanding, education, engagement and social interaction through music.

24. Defendant represents monopoly-like market power and resources to easily dilute, stifle Plaintiff's use of the Mark. Already, when searching online for Plaintiff's services one is overwhelmed with similarity and the confusing use of the mark by Defendant.

25. Defendant's and Defendant's partners marketing techniques, the style of publicity and use of technology and market reach were able, just in a few months, to obscure Plaintiff's 17-year-Mark so rapidly that it could be considered a "drowning" rather than an ordinary "dilution".

26. Defendant and the partners entered the marketplace rapidly magnifying the footprint of the misappropriated Plaintiff's Mark.

27. Defendant's mark is so similar and used in similar services that it already results and will further damage Plaintiff's visibility, reputation, and the legitimacy of Plaintiff's music services.

28. Plaintiff believes that the use of the mark by Defendant would be in violation of superior and exclusive Plaintiff's rights.  It would also irreparably damage Plaintiff's opportunities to be recognized for Plaintiff's desirable contributions to society and a fair participation in the marketplace.

## COUNT I

### INFRINGEMENT OF A FEDERALLY REGISTERED MARK

29. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 28 of this Complaint.

30. Since late 1999, Plaintiff used MUSICHAPPENS mark -"Music composition for others; music composition and transcription for others; music production and publishing services; entertainment services, namely, music production; live music performance; multimedia entertainment software production services".

31. Since 2002, Plaintiff is the exclusive owner of the federally registered Mark: MUSICHAPPENS (U.S. Registration No. 2643498)

32. Defendant's use of the mark MUSIC HAPPENS HERE, including in the domain name **musichappenshere.com**, causes or likely to cause confusion, dilution, deception and mistake that Defendant or Defendant's music and services are licensed or approved by or affiliated, associated or connected with Plaintiff or Plaintiff's Mark MUSICHAPPENS *or vice versa*.

33. Defendant's use of the mark, including in the domain name **musichappenshere.com**, irreparably injured and continue injuring Plaintiff.

## COUNT II

### UNFAIR COMPETITION and FALSE DESIGNATION OF ORIGIN

34. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 33 of this Complaint.

35. Defendant has been engaging in confusing designation of origin and unauthorized use of Plaintiff's Mark

36. Defendant's wrongful acts have caused, and will continue to cause injury and damage to Plaintiff's goodwill, which injury and damage cannot be adequately quantified.

37. Plaintiff's Mark through the long-term use in connection with Plaintiff's music services acquired secondary meaning indicating that the source of origin of music services is Plaintiff.

38. Plaintiff has used the Mark for over 17 years, acquiring strong rights in the Mark.

39. Plaintiff has no control over the nature and quality of the Defendant's services.

40. Unless the Court enjoins the Defendant from continuing such misleading acts, Plaintiff will continue to suffer irreparable harm.

41. Upon information and belief, Defendant and the partners have been unjustly enriched from their acts as alleged above in an amount to be determined at trial.

## COUNT III

## TRADEMARK DILUTION

42. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 41 of this Complaint.

43. The actions of Defendant described above and specifically, without limitation, the use of the Mark, in confusingly similar variation thereof, to advertise and market music events, cause dilution and are likely to further cause dilution by blurring and obscuring Plaintiff's Mark.

44. The actions of Defendant, if not enjoined, will continue. Plaintiff has suffered and continues to suffer substantial damages consisting of, among other things, diminution in the value of and goodwill associated with the Mark. Plaintiff is therefore entitled to injunctive relief.

45. On information and belief, the actions of Defendant described above continue to be deliberate and willful.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following relief:

a. Enter judgment in favor of Plaintiff;

b. Award compensatory and punitive damages against Defendant, in favor of Plaintiff in an amount to be determined at trial;

c. Order an accounting to determine the revenues realized by Defendant due to the unauthorized use of the Plaintiff's Mark, and order Defendant pay such profits;

d. Enjoin Defendant, and any of their business partners, representatives, licensees, distributors, assigns and all persons in active participation with Defendant, from directly or

indirectly using Plaintiff's Mark and any confusingly similar mark alone or in combination with other words, as a trademark or domain name, which confuse, dilute or obscure Plaintiff's true designation of origin of Plaintiff's music and services;

e. Enjoin Defendant and all those in participation with or having knowledge of this action, from using the mark MUSIC HAPPENS HERE or any other mark that infringes or is confusingly similar or unfairly competes with Plaintiff's Mark MUSICHAPPENS;

f. Ordering Defendant to discontinue using or transfer the domain names and meta-tags, which include "musichappens" as the principal part of their Internet URL, as well as all MUSICHAPPENS-related Facebook, Twitter names to Plaintiff, and for Defendant to refrain from using or registering any similar domain names, social media names for their goods or services;

g. Order that Defendant's keyword advertising and sponsored advertisements, which include "musichappens" designation, be removed from search engines such as Google and Yahoo;

h. Award Plaintiff the costs and expenses of this litigation;

j. Award such other relief, as this Court deems proper.

JURY DEMAND

Plaintiff requests that a jury hear the issues in this matter.

Respectfully submitted,

*/s/ Sapieyevski*

Mr. Jerzy Sapieyevski, Plaintiff *pro se*
3901 Cathedral Ave. NW
Washington, DC 20016
*Telephone: 202.966.2612*

Dated: Apr. 7, 2018