UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JERZY SAPIEYEVSKI,

    *Plaintiff*,

v.

LIVE NATION WORLDWIDE, INC. *et al.*,

    *Defendants*.

Civil Action No. 18-cv-830 (TJK)

## MEMORANDUM OPINION

Plaintiff Jerzy Sapieyevski, proceeding *pro se*, sues Live Nation Worldwide, Inc., Live Nation Entertainment, Inc., Hilton Worldwide Holdings, Inc., and Spotify USA, Inc., alleging trademark infringement and unfair competition. Hilton moves to dismiss for lack of personal jurisdiction. For the reasons explained below, the Court will grant Hilton's motion.

**I.   Background**

Sapieyevski alleges that Defendants infringed on his trademark, MUSICHAPPENS, by using the mark MUSIC HAPPENS HERE to promote an "integrated program . . . celebrating travel through music." ECF No. 36, Second Amended Complaint ("SAC") ¶ 27. The Court assumes familiarity with the details of his allegations and the background of this case as set forth in its previous opinion granting in part and denying in part Live Nation Worldwide's motion to dismiss, *Sapieyevski v. Live Nation Worldwide, Inc.*, No. 18-cv-830 (TJK), 2019 WL 1284302 (D.D.C. Mar. 20, 2019) and its order granting Sapieyevski's motion for leave to amend his complaint, ECF No. 25. The Court granted Sapieyevski's second motion to amend in November 2019, adding Hilton Worldwide Holdings, Inc. ("Hilton") and Spotify USA, Inc. as defendants.[1]

---

[1] Spotify has not answered Sapieyevski's complaint or appeared in this action.

Now, Hilton moves to dismiss Sapieyevski's Second Amended Complaint against it pursuant to Federal Rule of Civil Procedure 12(b)(2). *See* ECF No. 52 ("MTD"). Sapieyevski opposes. ECF No. 53 ("Opp'n").

## II. Legal Standard

Under Rule 12(b)(2), the plaintiff bears the burden of making a "*prima facie* showing of the pertinent jurisdictional facts" to establish personal jurisdiction. *Md. Dig. Copier v. Litig. Logistics, Inc.*, 394 F. Supp. 3d 80, 86 (D.D.C. 2019) (quoting *Livnat v. Palestinian Auth.*, 851 F.3d 45, 56–57 (D.C. Cir. 2017)). Conclusory statements are not enough to satisfy this burden— "the plaintiff 'must allege specific acts connecting [each] defendant with the forum.'" *IMAPizza, LLC v. At Pizza Ltd.*, 334 F. Supp. 3d 95, 107–08 (D.D.C. 2018) (quoting *Second Amendment Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001)). When evaluating a 12(b)(2) motion, "the Court is not limited to the four corners of the operative complaint, [and] 'may receive and weigh affidavits and other relevant matter to assist in determining jurisdictional facts.'" *Xie v. Sklover & Co., LLC*, 260 F. Supp. 3d 30, 37 (D.D.C. 2017) (quoting *Khatib v. All. Bankshares Corp.*, 846 F. Supp. 2d 18, 26 (D.D.C. 2012)). The Court must resolve factual disputes in favor of the plaintiff, but it is not required to accept inferences unsupported by the facts. *IMAPizza*, 334 F. Supp. 3d at 108.

## III. Analysis

Personal jurisdiction is "'an essential element of the jurisdiction a district court,' without which the court is 'powerless to proceed to an adjudication.'" *Id.* at 109 (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999)). Essentially, Hilton argues that Sapieyevski sued the wrong Hilton entity. Hilton argues that this Court has no jurisdiction over it, that it was not involved in any of the events alleged in the complaint, and that another entity—Hilton Honors Worldwide, LLC ("Hilton Honors")—may instead be the appropriate party. MTD at 1, 8. In his

2

opposition, Sapieyevski argues that the Court should rely on the contacts of Hilton's subsidiary, Hilton Honors, to establish personal jurisdiction. *See* Opp'n at 6–7. The Court agrees with Hilton that it is not subject to personal jurisdiction in the District of Columbia and that Hilton Honors' contacts cannot be imputed to it.

### A. General Jurisdiction

This Court may exercise general jurisdiction over Hilton only if Sapieyevski can show that Hilton is "fairly regarded as at home" in the District of Columbia. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). A corporation is considered "at home" in its "place of incorporation and principal place of business." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). But Hilton is incorporated in Delaware and has its principal place of business in Virginia. ECF No. 52-1 ("Smith Decl.") ¶ 6; SAC ¶ 11 ("The company is headquartered in McLean, VA.").

Sapieyevski argues that the Court can still assert jurisdiction because Hilton engages in "continuous and systematic" activities in the District to "solicit[] business" from District residents and "cultivate[] [District] investors to purchase Hilton's stock." Opp'n at 4. But continuous and systematic activity alone is not enough to support general jurisdiction—the activity must be so substantial as to render it "essentially at home in the forum State." *Daimler*, 571 U.S. at 138–39 (quotation omitted). Hilton denies engaging in continuing and systematic business within the District because it is not licensed to do business in the District, does not own or operate hotels in the District, and does not regularly transact business here. Smith Decl. ¶¶ 9, 11–12, 14–15.

Even drawing all inferences in favor of Sapieyevski, the activities he alleges Hilton engages in are not enough to confer general jurisdiction over Hilton. Sapieyevski claims that Hilton's promotional efforts constitute sufficient contacts with the District to confer general

3

jurisdiction because it targets District residents and investors. *See* Opp'n at 4. But advertising and cultivating professional relationships within the District are not substantial enough activity to render Hilton "essentially at home" in the District for purposes of general jurisdiction. *See Bigelow v. Garrett*, 299 F. Supp. 3d 34, 42–43 (D.D.C. 2018) (finding that making payments for advertising and maintaining professional relationships is insufficient for general jurisdiction). Because Sapieyevski has failed to meet his burden of making a prima facie showing that Hilton is "at home" in the District, this Court cannot exercise general jurisdiction over Hilton.

### B.      Specific Jurisdiction

Federal courts may exercise specific jurisdiction only when a suit "aris[es] out of or relates[s] to the defendant's contacts to the forum." *Goodyear*, 564 U.S. at 923–24 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)) (alterations in original). To establish specific jurisdiction, Sapieyevski must show "that jurisdiction is proper under both (1) the District of Columbia's long-arm statute and (2) the U.S. Constitution's Due Process Clause." *IMAPizza*, 334 F. Supp. 3d at 110. Because Sapieyevski fails to show that jurisdiction is proper under the long-arm statute, this Court cannot exercise specific jurisdiction over Hilton.

Sapieyevski argues the Court has specific jurisdiction over Hilton because of its collaboration with Live Nation to advertise and build a customer base in the District of Columbia through "joint public statements, press releases, activities, and their deliberately integrated business model." Opp'n at 2. Hilton denies any involvement in the alleged events giving rise to this suit and suggests a separate entity—Hilton Honors—is the party Sapieyevski should have added. *See* Smith Decl. ¶¶ 7–8. In response, Sapieyevski claims Hilton Honors is not a separate entity and that its contacts should be treated as Hilton's for the purposes of specific jurisdiction

because Hilton Honors is "*de facto* a Hilton controlled agency/service, listed along Hilton with the same McLean address, domain, and logo."  Opp'n at 5.

Piercing the corporate veil requires a strong showing that a subsidiary acts as an "alter ego" of the parent company, *Diamond Chem. Co. v. Atofina Chems., Inc.*, 268 F. Supp. 2d 1, 7 (D.D.C. 2003), and Sapieyevski has not met this heavy burden.  To prevail, Sapieyevski must show that "the parent corporation so dominated the subsidiary corporation as to negate its separate personality, making the exercise of jurisdiction over the absent parent fair and equitable."  *Leitner-Wise v. Clark*, No. 18-cv-771 (BAH), 2018 WL 6787999, at *4 (D.D.C. Dec. 26, 2018) (cleaned up).  When making this determination, courts should consider: "(1) the nature of the corporate ownership and control; (2) failure to maintain corporate minutes or adequate records; (3) failure to maintain the corporate formalities; (4) a commingling of funds and other assets; (5) diversion of corporate funds or assets to other uses; and (6) use of the same office of business location."  *IMark Mktg. Servs., LLC v. Geoplast S.p.A.*, 753 F. Supp. 2d 141, 150 (D.D.C. 2010).  And even if a plaintiff succeeds, he must also show that "an adherence to the fiction of the separate existence of the corporation would sanction a fraud or promote injustice."  *Diamond Chem.*, 268 F. Supp. 2d at 7 (quoting *Camacho v. 1440 R.I. Ave. Corp.*, 620 A.2d 242, 248–49 (D.C. 1993)).

Sapieyevski fails to address most of the relevant factors and only asserts that both entities use "the same . . . address, domain, and logo," share a "PR corporate representative," and serve the interests of Hilton.  Opp'n at 4–5.  Sharing an address, marketing image, and management employee does not satisfy Sapieyevski's heavy burden.  *See IMark*, 753 F. Supp. 2d at 151 (holding a unified marketing image is relevant but "[does] not independently render the entities alter egos"); *Diamond Chem.*, 268 F. Supp. 2d at 9 (holding shared executives insufficient to

establish as alter ego); *Estate of Raleigh v. Mitchell*, 947 A.2d 464, 471 (D.C. 2008) (holding property ownership insufficient to establish as alter ego).  Further, Sapieyevski makes no argument about why it would be a fraud or injustice to treat Hilton and Hilton Honors as separate entities.  *See Diamond Chem.*, 268 F. Supp. 2d at 7.  For instance, Sapieyevski provides no reason why he could not have simply sued Hilton Honors.

Having failed to establish Hilton Honors as an alter ego of Hilton, Sapieyevski must rely only on Hilton's contacts with the District to establish specific jurisdiction under the long-arm statute and Due Process Clause.  The District of Columbia long-arm statute provides for "personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's":

> (1) transacting any business in the District of Columbia;
>
> \*\*\*
>
> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia; [or]
>
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engaged in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia[.]

D.C. Code § 12-423(a)(1)-(4).  A plaintiff must identify which provision of the long-arm statute he relies on as the basis for specific jurisdiction.  *See FC Inv. Group LC v. IFX Markets*, 529 F.3d 1087, 1095–96 (D.C. Cir. 2008).

Sapieyevski fails to clearly invoke any of these provisions in his argument for specific jurisdiction.  Even so, he cannot establish specific jurisdiction over Hilton under any of them.  First, the Court cannot exercise jurisdiction under subsection (a)(1) because Hilton does not transact business in the District.  Smith Decl. ¶¶ 9–16.  Second, subsection (a)(3) does not apply

because Hilton was not the party involved in the alleged events giving rise to Sapieyevski's injury. *Id.* ¶¶ 7–8. Finally, Hilton has no regular business, persistent course of conduct, or substantial revenue from the District that would support specific jurisdiction under subsection (a)(4). *Id.* ¶¶ 9–16. Without "alleg[ing] some specific facts" that Hilton purposefully availed itself by "invok[ing] the benefits and protections of the laws of the District of Columbia," Sapieyevski cannot establish specific jurisdiction under the long-arm statute. *Bigelow*, 299 F. Supp. 3d at 44.

## IV.   Conclusion

For all of the above reasons, Hilton's Motion to Dismiss, ECF No. 52, will be granted. A separate order will issue.

/s/ Timothy J. Kelly<br>
TIMOTHY J. KELLY<br>
United States District Judge

Date: July 31, 2020